**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SYDNEY JACKSON,
    *Petitioner*,

    v.

UNITED STATES OF AMERICA,
    *Respondent.*

No. 3:19-cv-1243 (VAB)

**RULING AND ORDER ON MOTION TO**
**VACATE, SET ASIDE, OR CORRECT SENTENCE**

Sydney Jackson ("Petitioner"), currently incarcerated at Federal Correctional Institution McKean, and proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2255 challenging his conviction and sentence. Mot. to Vacate, Set Aside, or Correct Sentence, ECF No. 1 (Aug. 8, 2019).

For the following reasons, Petitioner's motion is **DENIED**.

**I.    BACKGROUND[1]**

On November 24, 2015, a grand jury indicted Mr. Jackson on charges of conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin and 280 grams or more of cocaine base (Count One); possession with intent to distribute and distribution of cocaine base (Counts Two, Three, Four, Five, Six, Seven, Eight, and Nine). *See* Superseding Indictment, No. 3:15-cr-00117-1 (VAB), ECF No. 30 (Nov. 24, 2015).

Count One carried a statutory mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life. 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(iii), and

---

[1] For the factual and procedural background of this case, the Court has relied on the related criminal matter, *United States v. Jackson et al.*, No. 3:15-cr-00117-1 (VAB).

1

846. Counts Two–Nine carried a sentence of up to twenty years imprisonment. 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

On October 27, 2016, the Court held a change of plea and motion hearing, where Mr. Jackson entered a plea of guilty as to Count One for conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base. Minute Entry, No. 3:15-cr-00117-1 (VAB), ECF No. 235 (Oct. 27, 2016). That same day, Mr. Jackson entered into a plea agreement with the Government. Plea Agreement, No. 3:15-cr-00117-1 (VAB), ECF No. 236 (Oct. 27, 2016). Mr. Jackson, his then-counsel Charles Willson, and Assistant U.S. Attorneys S. Dave Vatti and Joseph Viscarrondo all appeared at the hearing. *See* Tr. of Plea Hrg., No. 3:15-cr-00117-1 (VAB), ECF No. 544 (Oct. 27, 2016)).

Before the sentencing hearing, the Court considered the parties' filings and the U.S. Probation Office's Presentence Report. Presentence Investigation Report, No. 3:15-cr-00117-1 (VAB), ECF No. 340 (Jan. 26, 2017); Def.'s Mem. Aid of Sent., No. 3:15-cr-00117-1 (VAB), ECF No. 350 (Feb. 2, 2017); Gov't's Sent. Mem., No. 3:15-cr-00117-1 (VAB), ECF No. 357 (Feb. 7, 2017); Def.'s Reply, No. 3:15-cr-00117-1 (VAB), ECF No. 367 (Feb. 15, 2019).

On February 16, 2017, the Court held a sentencing hearing, during which it granted the Government's oral motion to dismiss the remaining counts and the original indictment. Minute Entry, No. 3:15-cr-00117-1 (VAB), ECF No. 374 (Feb. 16, 2017). At sentencing, the Court found that Mr. Jackson's total offense level was 31 and his criminal history category was IV, which resulted in a guideline sentencing range of 151 to 188 months imprisonment; five years of supervised release; ineligibility for probation; a fine of $15,000 to $10,000,000; and a mandatory special assessment of $100. Tr. of Sent. Hrg. at 13:17–23, No. 3:15-cr-00117-1 (VAB), ECF No. 477 (Feb. 16, 2017) ("Sent. Tr.").

The Court sentenced Mr. Jackson to the mandatory minimum of 120 months imprisonment; a five-year term of supervised release; and a special assessment of $100. Judgment, No. 3:15-cr-00117-1 (VAB), ECF No. 419 (Mar. 17, 2017).

On June 8, 2018, the Government filed an appeal, Notice of Appeal, No. 3:15-cr-00117-1 (VAB), ECF No. 439 (June 8, 2018); but later withdrew it, Mandate of USCA re Withdrawal of Appeal, No. 3:15-cr-00117-1 (VAB), ECF No. 441 (June 21, 2018).

Mr. Jackson did not file any direct appeals.

On August 8, 2019, Mr. Jackson filed a motion to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255 in this case. Mot. to Vacate, Set Aside, or Correct Sentence, ECF No. 1 (Aug. 8, 2019) ("Mot.").

Mr. Jackson argues that the Court "violated Federal Rule of Criminal Procedure 11(b)(3) by accepting his guilty plea without an adequate factual basis." Mot. at 1. Mr. Jackson contends that he "consistently and explicitly challenged the statutorily prescribed quantity of 280 grams or more and maintained with his counsel that he was responsible for only 28 grams or more[.]" *Id.* at 4. According to Mr. Jackson, "it is error for the court to find that a factual basis exists when the defendant actively contests a fact constituting an element of the offense in the absence of circumstances warranting the conclusion that the defendant's protestations are unworthy of belief." *Id.* at 6 (internal quotation marks and citation omitted).

Mr. Jackson also contends that his counsel was ineffective by failing to object when the Court created unwarranted sentencing disparities with his co-defendants. *Id.* at 7. In Mr. Jackson's view, the Court "procedurally erred by failing to consider a sentence close to the [sixty month or less] sentences the 12 co-defendants received for similar conduct." *Id.* at 8. "[H]ad counsel simply objected to what was an obvious error," Mr. Jackson asserts, "a reasonable

3

probability exists that [his] sentence would have been lower." *Id.* at 9. Mr. Jackson requests an evidentiary hearing. *Id.* at 9–10.

On October 4, 2019, the Government opposed his motion. Gov't's Mem. in Opp'n to Mot., ECF No. 8 (Oct. 4, 2019) ("Gov't Opp'n").

The Government first argues that under AEDPA, Mr. Jackson's motion is "barred by the one-year statute of limitations applicable to Section 2255 motions." Gov't Opp'n at 3. According to the Government, equitable tolling does not apply because "from the face of his papers, the petitioner has not made any claim of extraordinary circumstances or reasonable diligence in pursuing his claims." *Id.* at 5–6. Furthermore, the Government asserts that the record does not support "any claim that the factual basis accepted by the Court constituted a fundamental miscarriage of justice," *id.* at 7, and that Mr. Jackson's "sworn statements . . . at his plea hearing carry a strong presumption of veracity," *id.* at 11.

## II.   STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a one-year statute of limitation applies to Section 2255 claims, and the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 US.C. § 2255(f). In "rare and exceptional circumstance[s]," *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000), the one-year period may be equitably tolled, provided the petitioner can "show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll," *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001).

"Whether a circumstance is extraordinary is based not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (internal quotation marks and alterations omitted). "In determining whether a petitioner has diligently pursued his rights, the standard is one of reasonable diligence, 'not extreme diligence or exceptional diligence.'" *Rivera v. United States*, 719 F. Supp. 2d 230, 234 (D. Conn. 2010) *aff'd*, 448 F. App'x 145 (2d Cir. 2011) (quoting *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003)). Thus, a district court should ask, "'[D]id the petitioner act as diligently as reasonably could have been expected under the circumstances?'" *Id.* (quoting *Baldayaque*, 338 F. 3d at 153.)

Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). District courts, however, may "exercise their common sense," *Machibroda v.*

*United States*, 368 U.S. 487, 495 (1962); and may draw upon personal knowledge and recollection of the case, *see Blackledge v. Allison,* 431 U.S. 63, 74 n.4 (1997); *United States v. Aiello,* 900 F.2d 528, 534 (2d Cir. 1990). "Thus, a § 2255 petition may be dismissed without a hearing if, after a review of the record, the court determines that the allegations are insufficient as a matter of law." *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017).

With *pro se* litigants, this Court must liberally construe their filings to raise the "strongest arguments [they] suggest[]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman,* 470 F.3d at 474).

## III. DISCUSSION

### A. The Timeliness of the Section 2255 Motion

The AEDPA "'had among its goals [the prevention of] undue delays in federal habeas review,' and to that effect it imposed a one-year limitations period for section 2255 petitions." *Baldwin v. United States*, No. 3:14-cv-1654 (SRU), 2015 WL 3870323, at *2 (D. Conn. June 23, 2015) (quoting *Wims v. United States*, 225 F.3d 186, 189 (2d Cir. 2000)). "[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).

Mr. Jackson's Section 2255 motion is untimely because it was not brought within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). With the entrance of judgment on March 17, 2017, and no direct appeals taken, Mr. Jackson's Section 2255 motion filed on August 8, 2019, is untimely.

Mr. Jackson has not sought to toll the limitations period, nor would such an argument succeed. *Cf. Baldwin*, 2015 WL 3870323 at *2 (finding that "[t]he limitations period is far exceeded" when defendant filed his Section 2255 petition more than six years after the Supreme Court denied his petition for certiorari, that he made no argument for tolling, "nor does it appear likely that such an argument is available"). "Equitable tolling may be 'awarded in the court's discretion only upon consideration of all the facts and circumstances.'" *United States v. Williams*, No. 3:99-cr-154 (DJS), 2007 WL 1701790, at *4 (D. Conn. June 8, 2007) (quoting *Baldayaque*, 338 F.3d at 150). Here, Mr. Jackson has not indicated the presence of a "rare and exceptional circumstance" that prevented him from filing a timely petition, nor has he shown "reasonable diligence" throughout the period of delay, *i.e.*, in the over two years since his judgment became final. *See Smith*, 208 F.3d at 17 (internal citations omitted).

### B. The Merits of the Section 2255 Motion

Even if his petition were timely, Mr. Jackson's arguments fail on the merits.

As to the lack of an adequate factual basis for his guilty plea, the record and Mr. Jackson's sworn statements contradict his arguments now. Mr. Jackson pled guilty to his crime of conviction—one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846—which undermines his challenges. Plea Agreement, No. 3:15-cr-00117-1 (VAB), ECF No. 236. And the Court accepted his guilty plea. Minute Entry, No. 3:15-cr-00117-1 (VAB), ECF No. 235.

Mr. Jackson's claim that "he consistently and explicitly challenged the statutorily prescribed quantity of 280 grams or more and maintained with his counsel that he was responsible for only 28 grams or more," Mot. at 4, is contradicted by his own sworn testimony. When asked if he understood the "elements" of the "particular offense" with which he was

7

charged, Mr. Jackson stated, "Yes, sir." Tr. of Plea Hrg. at 33:9–13, No. 3:15-cr-00117-1 (VAB), ECF No. 544. Furthermore, when the Court asked him to describe "in [his] own words what [he] did that shows that [he] [is] in fact guilty of the charge to which [he] [was] now offering to plead guilty," Mr. Jackson stated: "I entered a conspiracy to sell crack cocaine base of over 280 grams or more in an agreement with other members of his conspiracy." *Id.* at 33:19–24. Finally, the plea agreement, which Mr. Jackson signed, and which Assistant U.S. Attorney S. Dave Vatti explained in detail at the change of plea hearing, provides a stipulated drug quantity of "at least 2.8 kilograms of cocaine base, but less than 8.4 kilograms." *Id.* at 19:25–20:2; *see also id.* at 17–22 (explaining the plea agreement terms); Plea Agreement, No. 3:15-cr-00117-1 (VAB), ECF No. 236.

 Mr. Jackson, who was represented by counsel from the Office of the Federal Defender for the District of Connecticut, never sought to withdraw his guilty plea or dispute the stipulated drug quantity. Consequently, arguments as to his drug quantity have been waived. *See United States v. Turner,* No. 98-1213, 1999 U.S. App. LEXIS 4767, at *4 (2d Cir. Mar. 19, 1999) (unpublished summary order) (affirming district court's denial of petitioner's prior motion to withdraw his guilty plea, because his "sworn statements to the District Court during his plea allocution clearly indicate that his plea was both knowing and voluntary," and finding that petitioner's "present protestations are simply insufficient to undermine" his prior sworn statements); *see also Padin v. United States*, 521 F. App'x 36, 38 (2d. Cir. 2013) (affirming district court and finding that there was "a sufficient evidentiary record to permit the district court to reject, without a full testimonial hearing," petitioner's claim of ineffective assistance of counsel, because the petitioner "entered a guilty plea" and "received a sentence at the low end of the Guidelines range").

To the extent that Mr. Jackson argues that his sentence was unlawful, the Court notes that while the sentencing guideline range for Mr. Jackson was 151–188 months of imprisonment, the Court sentenced him to 120 months imprisonment, the statutory mandatory minimum. *Compare* Judgment, No. 3:15-cr-00117-1 (VAB), ECF No. 419, *with* Sent. Tr., No. 3:15-cr-00117-1 (VAB), ECF No. 477 at 13:17–23 (reciting the sentencing guideline calculations); *see United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances. It is therefore difficult to find that a below-Guidelines sentence is unreasonable." (internal citation and quotation marks omitted)); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (explaining that a criminal sentence is substantively unreasonable only in "exceptional cases" where it "cannot be located within the range of permissible decisions" (internal quotation marks omitted)).

As to Mr. Jackson's claim that his counsel rendered ineffective assistance at sentencing, the Court agrees with the Government that "defense counsel cannot be deemed to have fallen below any objective standard of reasonableness when he achieved the shortest possible term of imprisonment for the defendant given the offense of conviction." *See* Gov't Opp'n at 13–14; *see also Csanadi v. United States*, No. 3:15-cv-1459 (JBA), 2016 WL 2588162 (D. Conn. May 4, 2016) ("A court assessing such a claim 'must be highly deferential' to counsel, must make 'every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time,' and must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984))).

9

As a result, because Mr. Jackson's petition is time-barred, and, even if it was timely, all of his arguments are rejected, his petition is denied.

Accordingly, because he has failed to make a "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability will not issue.

### IV.   CONCLUSION

For the reasons explained above, the Court **DENIES** Mr. Jackson's motion and petition for relief under Section 2255.

The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of July, 2020.

                                                          /s/ Victor A. Bolden  
                                                          Victor A. Bolden  
                                                          United States District Judge